IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) )  Chapter 11 ) |
| ARENA ENERGY, LP, *et al.*,[1] | )  Case No. 20-34215 (MI) ) |
|  | )  (Jointly Administered) |
| Debtors. | ) ) |
|  | )  **Re. Docket No. 44** |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11
BANKRUPTCY CASES, (II) COMBINED HEARING ON THE DISCLOSURE
STATEMENT, CONFIRMATION OF THE JOINT PREPACKAGED CHAPTER 11 PLAN,
AND RELATED MATTERS, AND (III) RELATED OBJECTION AND BRIEFING DEADLINES**

**NOTICE IS HEREBY GIVEN** as follows:

On August 20, 2020 (the "Petition Date"), Arena Energy, LP and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). Contemporaneously therewith, the Debtors filed the *Debtors' Joint Prepackaged Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 12] (as may be amended, modified, or supplemented from time to time and including all exhibits and supplements thereto, the "Plan") and the *Disclosure Statement Relating to the Debtors' Joint Prepackaged Plan Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 13] (as amended, supplemented, or otherwise modified from time to time, including all exhibits and supplements thereto, the "Disclosure Statement")[2] pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. **Copies of the Plan and the Disclosure Statement: (a) are available on the Debtors' restructuring website, free of charge, at http://www.kccllc.net/Arena**; (b) may be obtained upon request of the Debtors' proposed counsel at the address specified below; (c) are on file with the Clerk of the Bankruptcy Court, 4th Floor,

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Arena Energy, LP (1436); Arena Energy 2020 GP, LLC (N/A); Arena Energy GP, LLC (7454); Arena Exploration, LLC (1947); Sagamore Hill Holdings, LP (8266); and Valiant Energy, L.L.C. (7184). The location of the debtors' service address is: 2103 Research Forest Drive, Suite 400, The Woodlands, Texas 77380.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

515 Rusk Street, Houston, Texas 77002, where they are available for review between the hours of 8:30 a.m. to 5:00 p.m., prevailing Central Time; and (d) are available for inspection for a fee on the Bankruptcy Court's website at www.txs.uscourts.gov.

## Information Regarding the Plan and Disclosure Statement

**Voting Record Date**. The voting record date was **August 12, 2020**, which was the date for determining which Holders of Claims in Class 3 (RBL Facility Claims) and Class 4 (Term Loan Claims) were entitled to vote on the Plan.

**Objections to the Plan and Disclosure Statement**. Any objections (each, an "Objection") to the Plan and Disclosure Statement, or the proposed assumption of Executory Contracts and Unexpired Leases, must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such Entity; (d) state with particularity the legal and factual basis for such Objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such Objections; and (e) be filed on the Bankruptcy Court's docket no later than **September 18, 2020, at 4:00 p.m., prevailing Central Time** and served on the below parties.

| *Debtors* |
|---|
| **Arena Energy, LP**<br>2103 Research Forest Drive, Suite 400<br>The Woodlands, Texas 77380<br>Attention: John Edward Menger, Interim General Counsel<br>EMenger@arenaenergy.com |
| *Proposed Co-Counsel to the Debtors* |

| | |
|---|---|
| **Kirkland & Ellis LLP**<br>609 Main Street<br>Houston, Texas 77002<br>Telephone: (713) 836-3600<br>Facsimile: (713) 836-3601<br>Attention: Brian Schartz, P.C.<br>brian.schartz@kirkland.com<br><br>and<br><br>**Kirkland & Ellis LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Attention: Gregory F. Pesce<br>gregory.pesce@kirkland.com | **Jackson Walker L.L.P.**<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Attention: Matthew D. Cavenaugh,<br>Genevieve Graham, Veronica A. Polnick,<br>and Victoria Argeropolos<br>mcavenaugh@jw.com<br>ggraham@jw.com<br>vpolnick@jw.com<br>vargeroplos@jw.com |

| *Consenting RBL Lenders* | *Plan Sponsor* |
|---|---|
| **Haynes & Boone, LLP**<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>Attention:  J. Frasher Murphy and  Eli Columbus<br>frasher.murphy@haynesboone.com<br>eli.columbus@haynesboone.com<br><br>and<br><br>**Haynes & Boone, LLP**<br>1221 McKinney Street<br>Suite 4000<br>Houston, Texas 77010<br>Attention:  Austin Elam and Ellen Conley<br>austin.elam@haynesboone.com<br>ellen.conley@haynesboone.com | **San Juan Offshore, LLC**<br>Attention:  Michael J. Minarovic,<br>Chief Executive Officer<br>mike@sanjuanoffshore.com<br><br>and<br><br>**Davis Polk & Wardwell LLP**<br>450 Lexington Avenue<br>New York, New York 10017<br>Attention:  Brian Resnick and Stephanie Massman<br>brian.resnick@davispolk.com<br>stephanie.massman@davispolk.com |
| *Consenting Term Loan Lenders* | *United States Trustee* |
| **Milbank LLP**<br>55 Hudson Yards<br>New York, New York 10001<br>Attention:  Even Fleck and Parker Milender<br>efleck@milbank.com<br>pmilender@milbank.com | **Office of the United States Trustee<br>for the Southern District of Texas**<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002 |

**UNLESS AN OBJECTION IS TIMELY FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**Key Terms of the Plan[3]**

The Plan provides, among other things, that upon emergence:

- All outstanding and undisputed General Unsecured Claims against the Debtors will be paid in full in cash, Reinstated, or otherwise Unimpaired by the Plan and satisfied in the ordinary course of business;

- All Other Priority Claims and Other Secured Claims will be paid in full in cash, Reinstated, or receive such other treatment that renders such Claims unimpaired under the Bankruptcy Code;

---

[3] This summary is qualified in its entirety by the terms of the Plan.  In the event of inconsistency or conflict between this summary and the terms of the Plan, the terms of the Plan shall control and govern.

- Each Holder of an Allowed RBL Facility Claim will receive its Pro Rata portion of: (a) the Plan Sponsor Cash Amount and (b) the RBL Contingent Value Rights;

- Each Holder of an Allowed Term Loan Claim shall receive its Pro Rata portion of the Term Loan Contingent Value Rights;

- Arena Energy, LP Interests, Arena Energy GP, LLC Interests, Arena Energy 2020 GP, LLC Interests, and Sagamore Hill Holdings, LP Interests shall be, at the election of the Plan Sponsor in its sole discretion, (a) canceled, released and extinguished or (b) otherwise treated as determined by the Plan Sponsor in its sole discretion, in either case without the Holders thereof receiving any distribution on account of such Interests;

- Section 510(b) Claims will be canceled, released, and extinguished, and will be of no further force or effect; and

- All Intercompany Claims and Interests shall be at the election of the Plan Sponsor in its sole discretion:  (a) Reinstated; (b) compromised, distributed, contributed, set off, settled, canceled, released and/or extinguished, without any distribution on account of such Intercompany Claims or Interests; or (c) otherwise treated as determined by the Plan Sponsor in its sole discretion.

The following chart summarizes the treatment provided by the Plan to each Class of Claims against and Interests in the Debtors and indicates the voting status of each Class.

| Class | Claim or Interest | Status | Voting Rights | Projected Plan Recovery (%) |
|---|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) | 100% |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) | 100% |
| 3 | RBL Facility Claims | Impaired | Entitled to Vote | 10.3%-19.9% |
| 4 | Term Loan Claims | Impaired | Entitled to Vote | Up to 2.3% |
| 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) | 100% |
| 6 | Intercompany Claims | Impaired / Unimpaired | Not Entitled to Vote (Deemed to Reject or Presumed to Accept) | 0% |
| 7 | Intercompany Interests | Impaired / Unimpaired | Not Entitled to Vote (Deemed to Reject or Presumed to Accept) | 0% |
| 8 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) | 0% |
| 9 | Arena Energy, LP Interests | Impaired | Not Entitled to Vote (Deemed to Reject) | 0% |

| Class | Claim or Interest | Status | Voting Rights | Projected Plan Recovery (%) |
|---|---|---|---|---|
| 10 | Arena Energy GP, LLC Interests | Impaired | Not Entitled to Vote (Deemed to Reject) | 0% |
| 11 | Arena Energy 2020 GP, LLC Interests | Impaired | Not Entitled to Vote (Deemed to Reject) | 0% |
| 12 | Sagamore Hill Holdings, LP Interests | Impaired | Not Entitled to Vote (Deemed to Reject) | 0% |

## Discharge, Injunctions, Exculpation, and Releases

Please be advised that the Plan contains certain release, exculpation, discharge, and injunction provisions as set forth below.  **All Holders of Claims or Interests will be deemed to have expressly, unconditionally, generally, individually, and collectively consented to the releases and discharge of all Claims and causes of actions against the Debtors and the Released Parties unless such Holders:  (x) elect to opt out of the releases contained in Article IX of the Plan; or (y) timely object to the releases contained in Article IX.E of the Plan and such objection is not resolved before confirmation.**

### Relevant Definitions

"**Exculpated Party**" means, collectively, and in each case in its capacity as such:  (a) the Debtors; (b) each Consenting RBL Facility Lender; (c) the RBL Facility Agent; (d) the Plan Sponsor; (e) each Consenting Term Loan Lender; (f) the Term Loan Agent; and (g) with respect to each of the foregoing, such Entity and its current and former Affiliates, and such Entity's and its current and former Affiliates' current and former equity holders (direct and indirect), subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

"**Released Parties**" means, collectively, and in each case, in their respective capacities as such: (a) each Consenting RBL Facility Lender and any other Holders of RBL Facility Claims that vote to accept the Plan and do not opt out of the releases in the Plan; (b) the RBL Facility Agent; (c) the Plan Sponsor; (d) each Consenting Term Loan Lender and any other Holders of Term Loan Claims that vote to accept the Plan and do not opt out of the releases in the Plan; (e) the Term Loan Agent; (f) each current and former Affiliate of each Entity in clause (a) through (e); (g) with respect to each Entity in clause (a) through (f), each such Entity's current and former equity holders (direct and indirect), subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such; and (h) each Debtor's current and former Affiliates, and each Debtor's and each such Affiliate's current and former equity holders (direct and indirect), subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

"**Releasing Parties**" means, collectively, and in each case in their respective capacities as such: (a) each Consenting RBL Facility Lender; (b) the RBL Facility Agent; (c) each Consenting Term Loan Lender; (d) the Term Loan Agent; (e) each Holder of Claims and Interests that votes to accept the Plan; (f) each Holder of Claims or Interests that (i) abstains from voting on the Plan and who does not opt out of the releases in the Plan, (ii) votes to reject the Plan and who does not opt out of the releases in the Plan, or (iii) is presumed to accept or deemed to reject the Plan and who does not opt out of the releases in the Plan; (g) the Plan Sponsor; (h) each current and former Affiliate of each Entity in clause (a) through (g); (i) with respect to each Entity in clause (a) through (h), each such Entity's current and former Affiliates, and each such Entity's and each such Affiliate's current and former equity holders (direct and indirect), subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such; and (j) each Debtor's current and former Affiliates, and each Debtor's and each such Affiliate's current and former equity holders (direct and indirect), subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

## RELEASES BY THE DEBTORS

**Notwithstanding anything contained in the Plan, the Confirmation Order, or the Plan Sponsor Agreement to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors and their Estates, in each case on behalf of themselves and their respective successors, assigns and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof), the RBL Facility, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions between or among a Debtor and another Debtor, the Chapter 11 Cases, the Plan Sponsor Transaction, the Restructuring Transaction, the formulation, preparation, dissemination, negotiation, or filing of the RSA, the Disclosure Statement, the Plan, the Plan Supplement, the Plan Sponsor Transaction, the Restructuring Transaction, or any other contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of**

6

**such legal opinion) related to any of the foregoing or created or entered into in connection with the RSA, the Disclosure Statement, the Plan, the Plan Supplement, the Plan Sponsor Transaction, or the Restructuring Transaction, or any other actions taken to effectuate the Plan, before or during the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities or other property pursuant to the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding the inclusion of any Released Parties as a potential party to any Transferred Causes of Action (including, for each, Avoidance Actions), such parties shall remain Released Parties.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, any Definitive Document or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any Claims or Causes of Action with respect to Todd Stone divorce litigation, titled In the Marriage Matter of Todd and Jennifer Stone DC No. 18-02-01705.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases herein, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the releases herein are: (1) essential to the Confirmation of the Plan; (2) in exchange for a substantial contribution and the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (3) a good faith settlement and compromise of the Claims released by the releases herein; (4) in the best interests of the Debtors and all Holders of Claims and Interests; (5) fair, equitable and reasonable; (6) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (7) a bar to any of the Debtors asserting any Claim or Cause of Action released by the releases herein against any of the Released Parties**.

**<u>RELEASES BY RELEASING PARTIES</u>**

**Except as otherwise expressly set forth in the Plan, the Plan Sponsor Agreement, or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Debtor and Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged by each Releasing Party from any and all Claims and Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure,**

7

**management, ownership, or operations thereof), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, any intercompany transactions between or among a Debtor and another Debtor, the Chapter 11 Cases, the Plan Sponsor Transaction, the Restructuring Transaction, the formulation, preparation, dissemination, negotiation, or filing of the RSA, the Plan Sponsor Agreement, the Restructuring Stipulation, the Disclosure Statement, the Plan, the Restructuring Transaction, or any other contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing or created or entered into in connection with the RSA, the Plan Sponsor Transaction, the Restructuring Stipulation, the Disclosure Statement, the Plan, or the Restructuring Transaction, or any other actions taken to effectuate the Plan, before or during the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities or other property pursuant to the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, any Definitive Document or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any Claims or Causes of Action with respect to Todd Stone divorce litigation, titled In the Marriage Matter of Todd and Jennifer Stone DC No. 18-02-01705.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases of Holders of Claims and Interests, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the releases herein are: (1) essential to the Confirmation of the Plan; (2) in exchange for a substantial contribution and the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (3) a good faith settlement and compromise of the Claims released by the Releasing Parties; (4) in the best interests of the Debtors and all Holders of Claims and Interests; (5) fair, equitable and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released by the releases herein against any of the Released Parties.**

## **RELEASE OF LIENS**

**Except as otherwise specifically provided in the Plan, the Plan Sponsor Agreement or in any contract, instrument, release, or other agreement or document created pursuant to the Plan (including the terms of the RBL Contingent Value Rights, the RBL Contingent Value Rights Memorandum, the Term Loan Contingent Value Rights, the Term Loan Contingent Value**

8

**Rights Agreement, and the Term Loan Contingent Value Rights Memorandum), on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and the Plan Sponsor Agreement, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property, assets, or interests of the Estates shall be fully released, settled, compromised, and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Plan Sponsor (or the Acquired Debtor, as applicable) without any further approval or order of the Bankruptcy Court and without any action or Filing being required to be made by the Debtors. Any Holder of a Secured Claim (including any applicable agents for such Holder) shall be authorized and directed to release any collateral or property of any Debtor (including any cash collateral and possessory collateral) held by such Holder (and any applicable agents), and to take such actions as may be reasonably requested by the Debtors or the Plan Sponsor to evidence the release of such Lien, including the execution, delivery and filing or recordation of such releases. The presentation or filing of the Confirmation Order to or with any federal, state, provincial or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens. In addition, the RBL Facility Agent and the Term Loan Agent shall execute and deliver all documents reasonably requested by the Debtors, the Plan Administrator or the Plan Sponsor to evidence the release of such mortgages, deeds of trust, Liens, pledges, and other security interests and shall authorize the Debtors to file UCC-3 termination statements (to the extent applicable) with respect thereto.**

**<u>EXCULPATION</u>**

**Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur any liability for, and each Exculpated Party is hereby released and exculpated from any Claims or Cause of Action for, any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the RSA and related prepetition transactions (including the RBL Facility), the Disclosure Statement, the Plan, the Plan Supplement, the Restructuring Stipulation, the Plan Sponsor Transaction and any actions taken to effectuate the Plan, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Releasing Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property, assets, and interest under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date, except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud or gross negligence, but in all respects the Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon confirmation of the Plan shall**

**be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

**INJUNCTION**

**Except as otherwise expressly provided in the Plan or for distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order, all Entities that have held, hold, or may hold Claims or Interests that have been released pursuant to the Plan shall be discharged pursuant to the Plan, or are subject to exculpation pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Released Parties, or the Exculpated Parties (to the extent of the exculpation provided pursuant to the Plan with respect to the Exculpated Parties):  (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or interest in property or the Estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or interest in property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Entity has timely asserted such setoff right in a document Filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Except as otherwise set forth in the Confirmation Order, each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article IX.G of the Plan.**

**Plan Sponsor Transaction**

As described in greater detail in the Disclosure Statement, the primary purpose of the Plan is to implement a transaction, pursuant to which San Juan Offshore, LLC (the "Plan Sponsor") (or a designee thereof) shall acquire the business enterprise of the Debtors, including substantially of the the assets of the Debtors, in exchange for the consideration to be distributed to the Estates of

the Debtors under the Plan (the "Plan Sponsor Transaction"). Pursuant to the Plan Sponsor Agreement, the sale of the assets to the Plan Sponsor shall be **free and clear of all claims, encumbrances or liabilities** other than the Assumed Liabilities and permitted encumbrances in accordance with section 363(f) of the Bankruptcy Code. Any party or Entity who fails to timely file an Objection on or before the Confirmation Objection Deadline in accordance with the procedures above will be forever barred from asserting any Objection to the Plan or Plan Sponsor Transaction, including with respect to the transfer of the transferred assets of the Debtors **free and clear of all claims, encumbrances or liabilities** other than the Assumed Liabilities and permitted encumbrances.

### Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing to consider the adequacy of the Disclosure Statement, any objections thereto, confirmation of the Plan, any objections thereto, any objections to the proposed assumption of Executory Contracts and Unexpired Leases, and any other matter that may properly come before the Bankruptcy Court (the "Combined Hearing") will be held before the Honorable Marvin Isgur, courtroom 404, of the United States Bankruptcy Court, Houston Division, 515 Rusk Street, Houston, Texas 77002, on **September 25, 2020, at 10:00 a.m., prevailing Central Time**. Please be advised that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court.

### Assumption of Executory Contracts and Unexpired Leases

On the Effective Date, except as otherwise provided in the Plan, all Executory Contracts and Unexpired Leases not otherwise assumed, assumed and assigned, or rejected will be deemed assumed and assigned to the Plan Sponsor (or, if applicable, assumed by the Acquired Debtors), in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those that: (1) are identified on the schedule of Rejected Contracts and Leases; (2) have previously expired or terminated pursuant to their own terms; (3) have been previously assumed, assumed and assigned, or rejected by the Debtors pursuant to a Final Order; (4) are the subject of a motion to reject that is pending on the Effective Date; or (5) have an ordered or requested effective date of rejection that is after the Effective Date. Except as otherwise provided in the Plan or agreed to by the Debtors and the applicable counterparty, each Assumed Contract and Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests, modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith. The RSA, the Restructuring Stipulation, and the Plan Sponsor Agreement (including the Term Loan Contingent Value Rights Agreement), shall be deemed assumed by the Debtors upon entry of the Confirmation Order.

Entry of the Confirmation Order shall constitute an order of the Bankruptcy Court approving the assumptions, assumptions and assignments, or rejections of the Executory Contracts

or Unexpired Leases as set forth in the Plan, the schedule of Assumed Contract and Leases, or the schedule of Rejected Contracts and Leases, pursuant to sections 365 and 1123 of the Bankruptcy Code. Except as otherwise specifically set forth in the Plan, assumptions, assumptions and assignments or rejections of Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date. Each Assumed Contract and Lease shall re-vest in and be fully enforceable by the Plan Sponsor (or, if applicable, the Acquired Debtors), except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption. Any motions to assume or assume and assign Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by the Plan Sponsor.

To the maximum extent permitted by law, to the extent any provision in any Assumed Contract or Lease restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption or assumption and assignment of such Assumed Contract or Lease (including any "change of control" provision or payment), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Assumed Contract or Lease or to exercise any other default-related rights (or demands for payment) with respect thereto. Notwithstanding anything to the contrary in the Plan, the Debtors (at the direction of the Plan Sponsor) and the Plan Sponsor shall reserve the right to alter, amend, modify, or supplement the schedule of Assumed Contracts and Leases and the schedule of Rejected Contracts and Leases at any time up to forty-five (45) days after the Effective Date.

## NOTICE TO HOLDERS OF CERTAIN CONTRACTS AND LEASES

THE PLAN SPONSOR AGREEMENT CONTEMPLATES THE ASSIGNMENT TO THE PLAN SPONSOR OF CERTAIN CONTRACTS AND LEASES THAT ARE NOT EXECUTORY CONTRACTS OR UNEXPIRED LEASES (EACH, AN "ASSIGNED CONTRACT"). IF ANY PARTY OBJECTS TO SUCH AN ASSIGNMENT, INCLUDING ANY OBJECTION BASED ON ANY ALLEGED APPROVAL OR CONSENT RIGHT OR ANTI-ASSIGNMENT PROVISION CONTAINED IN OR APPLICABLE TO ANY ASSIGNED CONTRACT OR PURCHASED RIGHT OF WAY, THEN SUCH PARTY MUST FILE WITH THE COURT, NO LATER THAN THE CONFIRMATION OBJECTION DEADLINE, AN OBJECTION IDENTIFYING (A) ANY ASSIGNED CONTRACT, (B) THE BASIS FOR OBJECTING TO THE ASSIGNMENT OF SUCH ASSIGNED CONTRACT OR OTHER ASSETS, AND (C) ALL SUPPORTING DOCUMENTATION (EACH, AN "ASSIGNMENT OBJECTION").

ANY PERSON FAILING TO TIMELY FILE AN ASSIGNMENT OBJECTION WILL BE (A) FOREVER BARRED FROM OBJECTING TO THE TRANSFER, SALE, ASSUMPTION, AND/OR ASSIGNMENT OF THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO, AND UNDER THE ASSETS TO BE SOLD, ASSUMED, AND/OR ASSIGNED IN CONNECTION WITH THE PLAN, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES (OTHER THAN ASSUMED OBLIGATIONS AND CERTAIN PERMITTED ENCUMBRANCES TO THE EXTENT SET FORTH IN THE PLAN SPONSOR AGREEMENT), AND (B) DEEMED TO CONSENT TO

AND APPROVE THE TRANSFER, SALE, AND ASSUMPTION AND/OR ASSIGNMENT OF THE COMPANY'S RIGHT, TITLE, AND INTEREST IN, TO, AND UNDER SUCH ASSET, FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES, CLAIMS, AND OTHER INTERESTS (OTHER THAN ASSUMED OBLIGATIONS AND CERTAIN PERMITTED ENCUMBRANCES TO THE EXTENT SET FORTH IN THE PLAN SPONSOR AGREEMENT) AND REGARDLESS OF WHETHER SUCH CONSENT MUST BE IN WRITING.  ON THE DATE HEREOF, THE DEBTORS WILL SEND THE COMBINED HEARING NOTICE TO ALL COUNTERPARTIES TO THE ASSIGNED CONTRACTS AND PURCHASED RIGHTS OF WAY, SETTING FORTH THE ASSIGNMENT OBJECTION PROCEDURES.

**NOTICE TO HOLDERS OF PURPORTED PREFERENTIAL PURCHASE RIGHTS**

THE PLAN SPONSOR AGREEMENT PROVIDES THAT THE DEBTORS WILL TRANSFER THE ASSETS, INCLUDING ALL PURCHASED RIGHTS OF WAY, TO THE PLAN SPONSOR FREE AND CLEAR OF ANY PREFERENTIAL PURCHASE RIGHTS, RIGHTS OF FIRST REFUSAL, DRAG-ALONG RIGHTS, TAG-ALONG RIGHTS, AND OTHER SIMILAR RIGHTS, IF ANY, THAT ARE APPLICABLE TO THE TRANSFER OF THE ASSETS IN CONNECTION WITH THE PLAN (EACH, A "PREFERENTIAL PURCHASE RIGHT").

IF ANY PURPORTED HOLDER OF A PREFERENTIAL PURCHASE RIGHT OBJECTS TO SUCH TRANSFER, INCLUDING ON ACCOUNT OF ANY ALLEGED PREFERENTIAL PURCHASE RIGHT CONTAINED IN OR APPLICABLE TO ANY ASSIGNED CONTRACT OR PURCHASED RIGHT OF WAY, THEN SUCH HOLDER MUST FILE WITH THE COURT NO LATER THAN THE CONFIRMATION OBJECTION DEADLINE, AN OBJECTION IDENTIFYING (A) THE ASSETS SUBJECT TO SUCH PREFERENTIAL PURCHASE RIGHT(S), (B) THE APPLICABLE AGREEMENT, DOCUMENT, OR STATUTE GIVING RISE TO SUCH PREFERENTIAL PURCHASE RIGHT(S), AND (C) THE PORTION OF THE AGREEMENT, DOCUMENT OR STATUTE GIVING RISE TO SUCH PREFERENTIAL PURCHASE RIGHT(S), AND INCLUDING ALL SUPPORTING DOCUMENTATION (A "RIGHTS OBJECTION").

ANY PERSON FAILING TO TIMELY FILE A RIGHTS OBJECTION WILL BE FOREVER BARRED FROM ASSERTING ANY ALLEGED PREFERENTIAL PURCHASE RIGHTS WITH RESPECT TO THE PLAN.  THE COMBINED HEARING NOTICE, WHICH WILL BE SENT TO ALL KNOWN CREDITORS AND CONTRACT COUNTERPARTIES AND PUBLISHED AS SET FORTH HEREIN, DISCLOSES THE RIGHTS OBJECTION PROCEDURES.

Houston, Texas
August 21, 2020

Respectfully Submitted,

*/s/ Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Genevieve Graham (TX Bar No. 24085340) | Brian Schartz, P.C. (TX Bar No. 24099361) |
| Veronica A. Polnick (TX Bar No. 24079148) | 609 Main Street |
| Victoria Argeroplos (TX Bar No. 24105799) | Houston, Texas 77002 |
| 1401 McKinney Street, Suite 1900 | Telephone: (713) 836-3600 |
| Houston, Texas 77010 | Facsimile: (713) 836-3601 |
| Telephone: (713) 752-4200 | Email: brian.schartz@kirkland.com |
| Facsimile: (713) 752-4221 | |
| Email: mcavenaugh@jw.com | -and- |
| ggraham@jw.com | |
| vpolnick@jw.com | Gregory F. Pesce (*pro hac vice* admission pending) |
| vargeroplos@jw.com | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| *Proposed Co-Counsel to the Debtors* | Telephone: (312) 862-2000 |
| *and Debtors in Possession* | Facsimile: (312) 862-2200 |
| | Email: gregory.pesce@kirkland.com |
| | |
| | *Proposed Co-Counsel to the Debtors* |
| | *and Debtors in Possession* |